UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **TRA-DOR INC ET AL** | **CASE NO. 2:21-CV-02997** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNDERWRITERS AT LLOYDS LONDON ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 32] filed under Federal Rule of Civil Procedure 12(b)(6) by defendants Engle Martin & Associates, LLC ("EMA") and J.S. Held, LLC ("J.S. Held") with opposition [doc. 42] from plaintiff Tra-Dor, Inc. ("Tra-Dor"). Also before the court is a Motion for Leave to Amend [doc. 39] filed by Tra-Dor, seeking to file a third amended complaint and cure any deficiencies in the claims that EMA and J.S. Held seek to dismiss. All defendants currently joined and served in the action oppose this motion. Doc. 52.

### I.
#### BACKGROUND

This suit arises from damage to rental properties owned by plaintiffs in Hurricane Laura, which struck Southwest Louisiana on August 27, 2020. Under the first amended complaint, Tra-Dor and the other property owners have alleged that their insurers, Beazley American Insurance Company, Inc. ("Beazley") and Certain Underwriters at Lloyds London Subscribing to Policy No W15972200701 ("Underwriters"), failed to promptly

and adequately pay amounts owed under the policies as a result of the storm damage. Doc. 13. Accordingly, they raise claims for breach of insurance contract and bad faith against these defendants under Louisiana law. They also allege that Underwriters retained EMA as well as an individual, Patrick Blankenship, to adjust the claims, and that EMA in turn retained J.S. Held to provide an estimate of damages and repair costs, but that Blankenship and EMA both allowed their adjuster licenses to lapse during some of the time that they were adjusting the claims. Plaintiffs further allege that, although J.S. Held was retained by September 2020, it failed to complete its field inspections until August 2021, contributing to the delay in payment on the claims. Accordingly, plaintiffs have also raised claims of negligence, negligent and intentional infliction of emotional distress, and violation of the Louisiana Unfair Trade Practices Act against all defendants in addition to a claim of violation of Louisiana Revised Statute 22:1663 against EMA and Blankenship. *Id.*

     Plaintiffs subsequently filed a Second Amended Complaint, which incorporated the allegations and claims of the first and otherwise merely removed some of the plaintiffs and changed the names of certain defendants. Doc. 18. All defendants except Blankenship have now made an appearance in the action. EMA and J.S. Held move to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim on which relief can be granted. Doc. 32. Specifically, they assert that plaintiffs' claims fail because third-party adjusters owe no duty to the insured under Louisiana law. Tra-Dor opposes the Motion to Dismiss, maintaining that plaintiffs' other claims have a sufficient basis to proceed. Doc. 42. Tra-Dor also seeks leave to amend the complaint and add claims

of fraud/misrepresentation, an exception that some Louisiana courts have recognized to this lack of duty. Doc. 39. Defendants oppose this motion on the basis of futility. Doc. 52.

## II.
## LAW & APPLICATION

### A. Motion to Dismiss

#### 1. Legal Standard

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### 2. Application

Louisiana law generally restrict an insured's causes of action against a third-party/independent adjuster and recognizes that this adjuster has no duty to the insured. *RDS, Inc. v. Gab Robins N. Am., Inc.*, 2005 WL 2045956 (W.D. La. Aug. 23, 2005). Courts have held, however, that an adjuster who engages in fraud or misrepresentations **may** assume a duty to the insured. *Martin v. Wood*, 2011 WL 4550339, at *4 (E.D. La. Sep. 29, 2011) (citing *Pellerin v. Cashway Pharm. of Franklin*, 396 So.2d 371 (La. Ct. App. 1st Cir. 1981)). Such a claim requires showing an intentional, material misrepresentation by the defendant and justifiable reliance, resulting in injury, by plaintiff. *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 627 (5th Cir. 1999).

Because plaintiffs have not asserted a claim for fraud or misrepresentation under the Second Amended Complaint, defendants argue that they have no cause of action against EMA, J.S. Held, or Blankenship and that their claims must be dismissed. Doc. 32. They further argue that any violation of Louisiana Revised Statute 22:1663, based on an adjuster's failure to maintain a proper license, is solely within the jurisdiction of the Louisiana Insurance Commissioner, and note that under its terms the Louisiana Unfair Trade Practices Act ("LUTPA"), Louisiana Revised Statute 51:1401 *et seq.* does not apply to "actions or transactions subject to the jurisdiction of . . . the insurance commissioner . . . [or] insurance regulators of other states." *Id.* at § 51:1406(1).

Tra-Dor argues that § 22:1663, which sets forth licensure requirements for adjusters, and § 22:1674.1, which provides conduct standards for the same group, establish a duty on

the part of the third-party adjuster to the insured. Yet § 22:1663 was enacted in 2009 (and its predecessor in 2006), and has never been held to support a private right of action, with multiple Louisiana courts repeating in the meantime the longstanding rule that the adjuster owes no general duty to the insured. *E.g.*, *Sullivan v. Travelers Indem. Co. of Conn.*, 2016 WL 6995139 (E.D. La. Nov. 30, 2016); *Shaw v. ASI Lloyds, Inc.*, 2013 WL 1084219 (W.D. La. Mar. 14, 2013); *P & J Daiquiri Café, Inc. v. Andrew K. Knox & Co.*, 2009 WL 2046768 (E.D. La. Jul. 14, 2009). Additionally, § 22:1674.1 provides specifically that a violation of its conduct standards shall serve as grounds for action against the adjuster's license but that the statute "does not create any civil action or create any cause of action not otherwise provided by law." *Id.* at § 22:1674.1(C)–(D). Accordingly, neither of these statutes provides any evidence of a duty beyond the narrow exception described above and plaintiffs' claims for negligent/intentional infliction of emotional distress, negligence, and violation of § 22:1663 are all subject to dismissal.

As for the LUTPA claim, the adjusters' alleged breaches are based on their duties under various sections of the Louisiana Insurance Code. In addition to the alleged violations of Louisiana Revised Statute 22:1663 and 22:1674.1, described above, plaintiffs' allegations of unfair trade practices also implicate Louisiana Revised Statute 22:1964, which defines unfair and deceptive trade practices in the business of insurance. These actions are thus subject to the jurisdiction of the Louisiana Insurance Commissioner. *See* La. Rev. Stat. § 22:2 (It is "the duty of the commissioner of insurance to administer the provisions of the [Louisiana Insurance] Code.") Multiple Louisiana courts have agreed that

the Louisiana Insurance Code gives the commissioner the power to define what is an unfair trade practice in the insurance industry and thus bars any claim under LUTPA arising from an insurance context. *E.g.*, *Cougle v. Berkshire Life Ins. Co. of Am.*, 429 F.Supp.3d 208, 219 (E.D. La. 2019); *Crescent City Surg. Health Centre v. Cigna Health & Life Ins. Co.*, 2020 WL 1503534 (E.D. La. Mar. 30, 2020); *Taxicab Ins. Store, LLC v. Am. Serv. Ins. Co., Inc.*, 224 So.3d 451 (La. Ct. App. 4th Cir. 2017). Accordingly, the LUTPA claim against all defendants must be dismissed.

### B. Motion for Leave to Amend

#### 1. Legal Standard

The time has passed for amending pleadings in this case as a matter of course. Fed. R. Civ. P. 15(a)(1). Plaintiffs' request for leave to amend is thus governed by Rule 15(a)(2), which provides that the court "should freely give leave [to amend] when justice so requires." *Id.* at 15(a)(2). This leave is not automatic, however. *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005). Instead, "[t]he court must balance the difficult task of assuring a party a fair opportunity to present its claims and defenses while at the same time protecting the district court from being imposed upon by the presentation of theories seriatim." *SMH Enterps., LLC v. Krispy Krunchy Foods, LLC*, __ F.R.D. ___, 2022 WL 497527 (E.D. La. Feb. 2, 2022). The decision is committed to the district court's discretion and can be denied as long as the court possesses a "substantial reason" to do so. *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

One basis for denying amendment is futility. *Jones*, 427 F.3d at 994. The Fifth Circuit defines futility in this context as failing to state a claim on which relief can be granted and judges the proposed amended pleadings on the same standards of legal sufficiency applicable to a Rule 12(b)(6) motion. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). The district court does not abuse its discretion if it denies a motion for leave to amend based on a proper finding of futility, because if the complaint as amended could not survive a Rule 12(b)(6) motion then there is no reason to permit the amendment. *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003); *Simmons v. Sabine River Auth. of La.*, 732 F.3d 469, 478 (5th Cir. 2013).

In the proposed Third Amended Complaint, plaintiffs add several allegations of fraud and/or misrepresentation by all defendants in general. Doc. 39, att. 2. These allegations include misrepresentations as to the completion of the inspection/adjustments of the insured properties, whether plaintiffs would be adequately compensated for repair work, and whether they would be timely "instructed as to the pre-approved scope of repair work" in addition to "[o]ther misrepresentations as will be proven at trial." *Id.* at ¶ 67. Plaintiffs further allege that defendants, in general, suppressed the truth in several respects, including the following facts: that defendants had not inspected all the properties, and never intended to timely adjust the claims, timely and adequately provide plaintiffs with repair estimates, or timely and adequately compensate plaintiffs for their damages. *Id.* at ¶ 68. Finally, plaintiffs assert that they reasonably relied on these misrepresentations and omissions, resulting in economic injury. *Id.* at ¶ 72.

The proposed amendment is deficient in two main respects. First of all, the lack of detail as to the exact nature of the representations, to whom they were made, and by whom, falls far short of Rule 8's general pleading standards or Rule 9(b)'s heightened standards for fraud. Additionally, as this court recently observed in *Mills v. Allied Trust*, 2022 WL 855918 (W.D. La. Mar. 21, 2022), a claim of fraud by silence or suppression requires that the defendant assumed a duty to speak and provide accurate information. *Bellina v. Liberty Mutual Ins. Co.*, 2020 WL 1689825 (E.D. La. Apr. 7, 2020) (citing *Chrysler Credit Corp. v. Whitney Nat'l Bank*, 824 F.Supp. 587, 598 (E.D. La. 1993)). To fit within the narrow exception for claims against third-party adjusters, moreover, a plaintiff must show "(1) a misrepresentation of material fact; (2) made with intent to deceive; and (3) causing justifiable reliance with resultant injury." *Martin*, 2011 WL 4550339 at *4 (citing *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 627 (5th Cir. 1999)). While plaintiffs make conclusory allegations as to these elements, the lack of detail leaves the court unable to determine the assumption of any duty by a defendant, the materiality of many of the alleged misrepresentations, or whether plaintiffs were justified in their reliance. The proposed amended claims are futile as to the third-party adjuster defendants and unnecessary as to the insurers, to the extent that the latter can already be held liable for the same actions under the breach of contract and bad faith claims while the new allegations are too lacking in specificity to support an independent cause of action. Accordingly, the motion for leave to amend will be denied.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 32] will be granted and the Motion for Leave to Amend [doc. 39] will be denied, and all claims against Engle Martin & Associates, LLC; J.S. Held, LLC; and Patrick Blankenship will be **DISMISSED WITH PREJUDICE** while the LUTPA claim will likewise be **DISMISSED WITH PREJUDICE** as to all defendants.

**THUS DONE AND SIGNED** in Chambers this 20th day of May, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**