**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**


**TRA-DOR INC ET AL**                    **CASE NO.  2:21-CV-02997**

**VERSUS**                               **JUDGE JAMES D. CAIN, JR.**

**UNDERWRITERS AT LLOYDS LONDON    MAGISTRATE JUDGE KAY**
**ET AL**


## MEMORANDUM RULING

Before the Court is a Motion to Dismiss [Doc. 33] filed under Federal Rules of Civil

Procedure 8 and 12(b)(6) by defendant Beazley America Insurance Company Inc. a/k/a

Beazley Insurance Company, Inc. ("Beazley") with opposition [Doc. 41] from plaintiff

Tra-Dor, Inc. ("Tra-Dor"). Defendant Beazley America replies to the plaintiff's opposition

[Doc. 50]. As such, this matter is fully briefed and ready for ruling.

## BACKGROUND

This suit arises from damage to rental properties owned by plaintiffs in Hurricane

Laura, which struck Southwest Louisiana on August 27, 2020. Under the first amended

complaint, Tra-Dor and the other property owners have alleged that their insurers, Beazley

American Insurance Company, Inc. and Certain Underwriters at Lloyds London

Subscribing to Policy No W15972200701 ("Underwriters"), failed to promptly and

adequately pay amounts owed under the policies as a result of the storm damage. Doc. 13.

Accordingly, they raise claims for breach of insurance contract and bad faith against these

defendants under Louisiana law. They also allege that Underwriters retained EMA as well

as an individual, Patrick Blankenship, to adjust the claims, and that EMA in turn retained

- 1 -

J.S. Held to provide an estimate of damages and repair costs, but that Blankenship and EMA both allowed their adjuster licenses to lapse during some of the time that they were adjusting the claims. Plaintiffs further allege that, although J.S. Held was retained by September 2020, it failed to complete its field inspections until August 2021, contributing to the delay in payment on the claims. Accordingly, plaintiffs have also raised claims of negligence, negligent and intentional infliction of emotional distress, and violation of the Louisiana Unfair Trade Practices Act against all defendants in addition to a claim of violation of Louisiana Revised Statute 22:1663 against EMA and Blankenship. *Id.*

Plaintiffs subsequently filed a Second Amended Complaint, which incorporated the allegations and claims of the first and otherwise merely removed some of the plaintiffs and changed the names of certain defendants. Doc. 18. Beazley now files the instant Motion to Dismiss asserting that plaintiff's claims fail because Beazley is not a party to Policy No. W15972200701 and owes no duty to plaintiffs, contractual or otherwise.

## LAW & APPLICATION

### A.  *Rule 12(b)(6) Standard*

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted.  The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989).  The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).  A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."

*Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955.

### B. Application

Beazley argues that plaintiffs' assertion of a right of recovery against Beazley has no support in the law because the pleadings show that Beazley did not issue a contract of insurance to any plaintiff. As such, Beazley asserts that it is not the "insurer" of plaintiffs, and plaintiffs cannot hold it liable under a policy that it did not issue.

Beazley relies on the ruling in *Tureaud v. Markel Insurance Co.*, No. 09-2486, 2009 WL 2447844 (E.D. La. Aug. 5, 2009), where the court dismissed all claims against a defendant wrongly alleged to be an insurer. In *Tureaud*, the plaintiff asserted claims for breach of contract and bad faith under an insurance policy; however, the plaintiff wrongly alleged the insurance company and both parties agreed that the named defendant was not the insurer nor was the defendant a proper party. Plaintiff, Tra-Dor points out this distinction in its opposition [Doc. 41] and argues that this case is distinguishable as that is not the issue here.

Tra-Dor argues that in the instant case, Beazley is specifically listed as the "Coverholder" on the declarations page of the policy. Doc. 31-3 p. 10 *General Cover Declarations Page.* Tra-Dor further argues that the Declarations Page of the Policy shows Beazley as the Syndicate "Beazley Lloyd's Syndicate 2623 – 82% and Beazley Lloyds

Syndicate 623 – 18%." *Id.* Moreover, Beazley USA Services is named as the "Claims Manager" in the Policy. Per the policy, the insured is required to direct "all inquiries" to Beazley USA Services, Inc. *Id.* at p. 7.

Tra-Dor maintains that its Complaint listed several causes of action against Beazley separate and apart from a breach of the Policy and allegations that Beazley is the insurer. Tra-Dor asserts that its complaint sets forth claims of violations of La. R.S. 22:1973, 22:1892, 22:1663, 22: 1674, the Louisiana Unfair Trade Practices Act, intentional and negligent infliction of emotional distress, negligence, fraud and/or misrepresentations, negligent management of the claim, and no communication from the claim manager, Beazley. Doc. 13 *First Amended Complaint.* As such, Tra-Dor argues Beazley is a proper party defendant and the claims asserted against Beazley should stand.

The Court finds that Beazley was not able to meet the standards for a Rule 12(b)(6) dismissal. Accordingly, the Motion to Dismiss will be denied.

## CONCLUSION

For the reasons stated above, the Motion to Dismiss [Doc. 33] will be **DENIED**, and the claims asserted against Beazley will stand.

**THUS DONE AND SIGNED** in Chambers this 24th day of June, 2022.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE